GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* ACHA ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an Action for Legal Redemption of Community Property.

No. 1062.—Decided July 9, 1914.

COMMUNITY PROPERTY—REDEMPTION—DEPOSIT—COMPLAINT.—The Law of Civil Procedure in force in this Island since 1886 has not been repealed by the Code of Civil Procedure of 1904 in so far as the former requires that in

order to bring an action for legal redemption of community property the
redeemer must deposit the purchase price in the court having jurisdiction of
the case, and this fact must be alleged in the complaint, otherwise it does
not state a cause of action.

DEPOSIT.—In making such deposit it is not necessary to follow the measures
prescribed by the Civil Code in cases where the deposit of the amount owing
may produce the effect of payment.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for the appellant.

*Mr. Manuel F. Rossy,* for the respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action for legal redemption in joint-ownership
and the question to be decided is whether in order to main-
tain said action it is necessary to deposit the purchase price,
the manner in which such deposit must be made and whether
the complaint should allege such deposit in order to be good.

The complaint originating the action alleges, among other
things, that when plaintiff Isaac González Martínez learned
of the sale to defendant Antonio Acha of the joint-ownership
interest which he seeks to redeem he approached the defend-
ant and, telling him that he wished to exercise his right of
redemption, tendered him for that purpose the $7,000 which
he had paid, together with the amount of the expenses of the
contract, any other legitimate payment made by reason of
the sale and the useful and necessary expenses incurred by
the thing sold; that Acha having refused to accept the pur-
chase price and the other amounts tendered and to convey
the property to him, the plaintiff deposited the said amount
with his notary to be at the disposition of the District Court
of San Juan, Section 1, and that he has been and is disposed
to substitute the defendant spouses in such rights and obli-
gations as they acquired and assumed in the purchase of the
joint-ownership interest which is the subject-matter of this
action.

Under our former laws the right of legal redemption was
governed by Law LV, Title V of *Partida* 5, according to which
any person holding a thing in common, although undivided,

could sell it to persons having an interest therein or to a third person, but if one of the joint-owners wished to pay as much for it as the third party, he could take it in preference to the third party. By Law LXXV of Toro it was provided that if a person sold a part of an inheritance which he held in common with another, according to the Law of *Partidas* the person desiring to redeem it was obliged to deposit the purchase price.

Subsequently, article 674 of the Spanish Law of Civil Procedure of 1856 required, among other things necessary for maintaining an action for redemption, that the purchase price, if known, should be deposited, and if unknown, that a bond should be given to insure such deposit when the purchase price became known. The said article was re-enacted in article 1618 of the Spanish Law of Civil Procedure of February 3, 1881, and by article 1616 of the Law of Civil Procedure which went into effect in Porto Rico on January 1, 1886.

This being the status of the statutory law on this subject, the Spanish Civil Code was promulgated and went into effect in Porto Rico in 1890. Article 1518 of this code, which, although included under conventional redemption, is applicable to legal redemptions pursuant to article 1625, provided that the right of redemption could not be exercised without reimbursing the purchaser for the purchase price together with the expenses of the contract and any other legitimate payment made by reason of the sale and the useful and necessary expenses incurred by the thing sold.

Therefore, according to the Civil Code, considered in relation to the Law of Civil Procedure then in force, in order that the redemption might be made it was necessary, not only to pay the purchase price and the other expenses referred to in the Civil Code, but also to deposit the said purchase price pursuant to the Law of Civil Procedure in order to maintain the action.

The Spanish Civil Code was substituted in this Island by the Revised Civil Code of 1902, which, with slight modi-

fications, is a reproduction of the former code, and which re-enacted literally the provisions regarding redemption, section 1421 thereof being identical with article 1518 of the former code. When the Revised Civil Code of 1902 was promulgated and went into effect the Spanish Law of Civil Procedure was still in force in Porto Rico as to redemption, and, as the Code of Civil Procedure was enacted in the year 1904, the question upon which this appeal is based now presents itself, namely, whether the deposit formerly required by the Law of Civil Procedure is still necessary in actions for redemption.

There is no doubt that the Spanish Civil Code as well as the Revised Civil Code require only the reimbursement of the purchase price and the expenses mentioned therein and contain no provision requiring a deposit. Such deposit, according to the Judgments of the Supreme Court of Spain of December 31 and October 16, 1906, was required, not because of the provision of the Civil Code, but pursuant to article 1618 of the Law of Civil Procedure, and, therefore, if the latter is not now in force in Porto Rico, the deposit is not necessary.

The Code of Civil Procedure of 1904 was not so full as to include every kind of procedure and section 361 thereof only repeals all laws, royal decrees, orders, military orders, acts, or parts of acts inconsistent or in conflict with the new code, and, as we find no provision therein inconsistent or in conflict with the former law relative to deposits in actions for redemption we must conclude that it still continues in force on this subject and that, therefore, it is necessary to make the deposit in order to maintain an action for redemption. In further proof of the fact that all the proceedings provided for in the old Law of Civil Procedure were not repealed, we find that when the Act of 1905 relating to Special Legal Proceedings was enacted, which act governs some of the proceedings included in the old law of procedure, it was expressly provided therein that all previous laws in conflict

therewith were repealed but that the special proceedings established in the Civil Code, in the Mortgage Law and its Regulations, and any other law in so far as not provided for therein, should remain in force; and as it cannot be doubted that actions for redemption are governed by special proceedings, inasmuch as specific requirements are necessary for maintaining them, such as making a deposit, which is not required in ordinary actions, we may also, in view of this fact, hold that the deposit required by the former Law of Civil Procedure is required since the adoption of the Code of Civil Procedure of 1904.

That such deposit was not governed by the Civil Code there can be no doubt, because it was already required, first, by the Law of Toro and, later, by the Law of Civil Procedure, and it is understood that such deposit should be necessary because, as the law grants only nine days for redemption, the person who brings the action should have the money ready in that time, and also to avoid the making of ·false offers of payment and the contingency that the money may not be forthcoming when the time arrives to comply with the judgment for redemption.

Having reached the foregoing conclusion, let us see now in what manner the deposit should be made, inasmuch as the plaintiff in the present case, according to the allegation of the complaint, deposited the same with his notary and because some understand that such deposits should be made according to the rule established for the deposit of amounts due in order to be released from the debt.

We understand that the deposit should be made by paying the amount of the purchase price into the court having jurisdiction of the case, for only in this manner can ·compliance be given to the provision of that law (section 1619) that the court shall order the delivery of the amount deposited to the public depository designated for that purpose. This provision of law is sufficiently clear to show the manner in which the deposit should be made, therefore the sections of the Civil

Code governing deposits in cases in which it is necessary to make them in order to produce the effects of payment, are not applicable to the deposit required in actions for redemption; nor is it necessary in said actions to tender the amount before bringing the action, for the law which exacts the deposit does not so require.

Hence, the deposit being necessary, the complaint must allege that the money is deposited, for otherwise the omission of such allegation would be sufficient to justify holding that the complaint does not state facts sufficient to constitute a cause of action. As the complaint in this case does not allege that the $7,000, the purchase price of the property sought to be redeemed, had been deposited, there is no doubt that the judgment appealed from dismissing the complaint should be affirmed on this ground.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.